STOULIG, Judge.
Plaintiff, Mrs. Linda May Sanford, has appealed as inadequate a judgment condemning defendant Calvin H. Sanford, Jr., to pay pendente lite alimony and child support for three children (ages 12, 9 and 2i/£ years) in the sum of $60 per week.
Before we discuss the evidence, we are compelled to make the general observation that plaintiff and her three children cannot subsist on this meager amount without some form of public aid.[1] If we were to affirm this judgment it would be with the knowledge that the award is grossly inadequate. Were it apparent from the record that $60 is what this court could reasonably order the husband to pay, we would be required to affirm even though we recognize the impossibility of Mrs. Sanford’s supporting herself and three children on this amount.
Instead, we remand under the authority of C.C.P. art. 2164 to permit the litigants to prove with specificity plaintiff’s financial needs and her husband’s ability to meet them. We note as the record is now constituted, the trial judge could not reasonably have set the award higher. And yet it indicates the result is unfair. To illustrate the incompleteness of the evidence, we note plaintiff claims she needs $1,245.75 monthly for herself and children. One of her itemized expenses is $178 for payment on the mortgage note on the community home in which Mrs. Sanford did not reside when this rule was tried. She was then living temporarily with her mother (who is not obligated to support her and the children) and she indicated defendant has somehow threatened her if she occupied the house. Since both husband and wife were in court, the living arrangements for plaintiff and her children could have been clarified.
*916 As to the proof of defendant’s means, it is completely unsatisfactory. He testified he operates a charter bus business that grosses $5,200 monthly and nets between $300 and $400. To support his claim, defendant introduced a printed affidavit form in which he penciled in various figures purportedly totalling $4,841 that he asserts are his monthly business expenses. Though the document is signed by defendant, it is not notarized. And further the sum of the itemized expenses listed cannot be reconciled with the “total expenses” shown thereon. Although a subpoena duces tecum was issued for his books, defendant failed to produce them and the matter was submitted for adjudication even though the subpoena was not satisfied. The excuse advanced by defendant for his failure to comply with the subpoena duces tecum was shallow, flimsy and totally without merit. He should not be permitted to benefit from a lower award of support by withholding the information of his business earnings, sought by the subpoena, to the prejudice of his wife’s and children’s right to adequate support commensurate with his income.
Were we to affirm the judgment of the trial court, plaintiff would be compelled to show a change in circumstances in order to seek an adjustment of the award. Such a result would subvert the ends of justice. The deficient record prevents a proper adjudication and its incompleteness is primarily due to the husband’s failure to honor the subpoena duces tecum to produce his records. We also note the evidence as to the wife’s needs could be more clearly developed. Accordingly we remand to permit the litigants to adduce the evidence the'record indicates is available and not before the court.
For the reasons assigned, this matter is remanded for further proceedings consistent with the views herein expressed. Assessment of costs is to await final disposition of this matter.

REMANDED.

. Plaintiff is unemployed and has no other source of income.